# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CONSUMER PROGRAM ADMINISTRATORS, INC., an Illinois corporation, RESOURCE DEALER GROUP, INC., an Illinois corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HALLADAY MOTORS, INC., a Wyoming corporation, TIMOTHY J. JOANNIDES, a Wyoming resident, and CHRISTOPHER J. JOANNIDES, a Wyoming resident, <br><br> Defendants. | Civil Action No. 07 CV 3408 <br> Senior District Judge George W. Lindberg |

## **MEMORANDUM AND ORDER**

On June 18, 2007, Plaintiffs Consumer Program Administrators, Inc. and Resource Dealer Group, Inc. (collectively, "Plaintiffs") filed a three-count complaint against Defendants Halladay Motors, Inc., Timothy J. Joannides, and Christopher J. Joannides (collectively, "Defendants"). Counts I, II, and III allege that Defendants breached various contracts (promissory note, agreement to do business ("ATDB"), and guarantee agreement, respectively). On August 1, 2007, Defendants moved to dismiss all three contract counts pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants' motion is denied.

**I.     Federal Rule of Civil Procedure 12(b)(1)**

Rule 12(b)(1) permits motions to dismiss a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). Because Defendants' motion challenges this Court's authority to exercise federal subject matter jurisdiction over Plaintiffs' complaint, Defendants' Rule 12(b)(1) defense will be addressed first. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction

is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' . . .The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (citations omitted). Specifically, Defendants argue that "Plaintiffs have failed to satisfy the monetary requirements for diversity jurisdiction. . .under 28 U.S.C. § 1332."

28 U.S.C. § 1332(a) provides, in part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . .citizens of different States. . . ." 28 U.S.C. § 1332(a). Here, Plaintiffs properly allege diversity of citizenship. (*See* Pls.' Compl., at ¶¶2-5.) Defendants do not dispute those allegations. Instead, Defendants contend that "Plaintiffs have failed to meet their burden to allege sufficient damages to establish jurisdiction in a diversity case."

To satisfy the amount in controversy requirement, a plaintiff "must demonstrate no more than a good faith, minimally reasonable belief that its claim will result in a judgment in excess of $75,000." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001) (citations omitted); *see also Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997) ("Accepted wisdom has it that, when deciding whether a claim meets the minimum amount in controversy, the plaintiff's evaluation of the stakes must be respected."). To determine whether a plaintiff has satisfied this burden, the Court employs "what is known as the 'legal certainty' test. . . .Under the legal certainty test, [the Court] will find federal jurisdiction on the basis of the plaintiff's complaint unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir.

2003) (citations omitted); *Bishop*, 132 F.3d at 1205 (same). Federal courts applying the test "[g]enerally. . .give plaintiffs the benefit of the doubt in these matters. . . ." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (citations omitted).

Plaintiffs' complaint includes numerous allegations of an amount in controversy exceeding the jurisdictional minimum. (*See, e.g.*, Pls.' Compl., at ¶¶13-15, 19-21, 29-31, 36-38, 42-46.) The Court therefore finds that Plaintiffs' complaint passes the legal certainty test and will exercise jurisdiction over the same.

## II.     Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted. . . ." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, No. 06-3436, 2007 WL 2215764, at *2 (7th Cir. Aug. 3, 2007) (citation omitted). This requirement

> impose[s] two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the. . .claim is and the grounds upon which it rests.'. . .Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court.

*Id.* (citations omitted). When determining whether Plaintiffs have cleared these hurdles, the Court assumes "that all the allegations in the complaint are true. . . ." *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007) (citation omitted). Because Plaintiffs attach four exhibits to their complaint, the Court notes that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). It is therefore "true that '[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is

not entitled to judgment.'" *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1999) (citation omitted).

In asking the Court to dismiss all three counts in Plaintiffs' complaint pursuant to Rule 12(b)(6), Defendants argue that Plaintiffs "have failed to allege a breach of the ATDB. . . .Since Count II for breach of the ATDB fails to state a claim upon which relief can be granted, there is no default under the Note (Count I). Since there is no default under the Note, there is no claim under the Guaranty [sic] of the Note (Count III)." Plaintiffs respond that Defendants' motion "ignore[s] or mischaracterize[s] the many allegations (and, indeed, undisputed facts) supporting Plaintiffs' claims that Defendants materially breached multiple contractual duties." Plaintiffs add that the "ATDB. . .clearly requires Defendants to deal exclusively with [Resource Dealer Group, Inc.]." They also argue that their complaint "repeatedly alleges that Defendants materially breached those duties because they stopped selling products through [Resource Dealer Group, Inc.] and began selling another company's products." Plaintiffs further state that "Defendants' argument totally fails to reach – or affect in any way – Plaintiffs' claims that Defendants breached their duties to pay the contractually imposed fees."

Neither party raises the issue of which state's law is applicable to Plaintiffs' claims. The Court therefore applies Illinois law when ruling on Defendants' motion. *See Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998) ("It is true. . .that '[t]he operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits. . . .Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.'") (citation omitted); *see also Grundstad v. Ritt*, 166 F.3d 867, 870 (7th Cir. 1999) (same). Under Illinois law, "[t]he

elements of a contract cause of action are: (1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006) (citation omitted); *Van Der Molen v. Washington Mut. Fin., Inc.*, 835 N.E.2d 61, 69 (Ill. App. Ct. 2005) (same).

Defendants offer several arguments to support their position that Plaintiffs failed to state a claim for breach of the ATDB in Count II: (1) the ATDB "specifically allows Defendants to sell other products, as long as they pay [Resource Dealer Group, Inc.] for doing so[,]" (2) Halladay Motors, Inc. "has not breached the ATDB by failing to pay. . .incidental fees[,]" and (3) Resource Dealer Group, Inc. "has not made the contractually required demand" and Plaintiffs do "not allege any such valid demand as required by the ATDB. . . ." Defendants further argue that because Plaintiffs' complaint does not state a claim for breach of the ATDB, they failed to state a claim for breach of the note under Count I "[s]ince [that count] is predicated solely on a breach of the ATDB. . . ." Finally, Defendants argue that Plaintiffs' complaint does not state a claim for breach of the guarantee agreement under Count III. Specifically, Defendants reason that "Plaintiffs allege that the individual Defendants breached the Guaranty [sic] based upon failure to pay the full accelerated balance of the Note after the alleged default on the Note. But since there was no default on the Note, any claim of breach of Guaranty [sic] is premature and illusory."

With respect to Count II, Plaintiffs' complaint alleges, *inter alia*, that Defendants breached the ATDB by failing to pay required fees to Plaintiffs "for each vehicle service contract, GAP contract and credit life or disability policy sold by Borrowers' Dealerships which were not placed or serviced by [Resource Dealer Group, Inc.] as required by the [ATDB]" after receiving Plaintiffs'

demand that they do so. (Pls.' Compl., at ¶27; *see also, e.g.,* Pls.' Compl., at ¶¶22, 28-31, 33, 37; Ex. B to Pls.' Compl.) Defendants counter that Exhibit B to Plaintiffs' complaint undermines Plaintiffs' claim because it establishes that Plaintiffs made no "valid demand" for payment of the disputed fees. In other words, Defendants contend that in the absence of a "contractually required demand" there can be no breach of the ATDB based on the conduct of which Plaintiffs complain. Defendants point to the language that appears in Exhibit B to support their position.

The Court disagrees with Defendants and finds that Exhibit B does not support dismissal of Count II for failure to state a claim. Plaintiffs' complaint specifically alleges that a demand for the disputed fees was made and, in response, Defendants failed to make the required payments. (*See, e.g.,* Pls.' Compl., at ¶¶22, 33; Ex. B to Pls.' Compl.; Ex. C to Pls.' Compl.) After carefully reviewing the allegations in and exhibits attached to Plaintiffs' complaint, the Court finds that they do not warrant dismissal of Count II pursuant to Rule 12(b)(6). Instead, the Court rules that Plaintiffs satisfied their pleading burden imposed by the Federal Rules of Civil Procedure and controlling case law in Count II of their complaint. *See Concentra Health Servs., Inc.*, No. 06-3436, 2007 WL 2215764, at *2; *Jennings*, 495 F.3d at 472. Because Plaintiffs state at least one claim for breach of the ATDB in Count II, there is no need to address the parties' arguments concerning theories of recovery related to other alleged breaches of the ATDB. The Court therefore declines to do so at this stage of the case.

With respect to Counts I and III, Defendants' arguments may be summarily rejected. Defendants' argument that Plaintiffs fail to state a claim for breach of the note in Count I is based entirely on their position that "Plaintiffs have failed to allege that there was any breach of the ATDB." Because the Court finds that Plaintiffs' complaint states a claim for at least one breach

of the ATDB (Count II), the Court declines to adopt Defendants' reasoning. (*See also, e.g.,* Pls.' Compl., at ¶¶8-21.) Defendants' argument with respect to Count III fails for the same reason. Because the Court finds that Plaintiffs' complaint states a claim for at least one breach of the ATDB (Count II) and a claim for breach of the note (Count I), it therefore rejects Defendants' cursory assertion that Plaintiffs fail to state a claim for breach of the guarantee agreement in Count III of their complaint. (*See also, e.g.*, Pls.' Compl., at ¶¶39-46.)

**ORDERED**: Defendants' Motion to Dismiss [13] is denied. Defendants are ordered to answer Plaintiffs' complaint on or before October 19, 2007.

**DATED:** October 5, 2007  **ENTERED:** _/s/ George W. Lindberg_
George W. Lindberg
Senior United States District Judge